UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

————

GARY O. SIRBAUGH,

                  Plaintiff,                     Case No. 2:15-cv-86

v.                                       HON. GORDON J. QUIST

UNKNOWN HORTON, et al.,

                  Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Gary O. Sirbaugh pursuant to 42 U.S.C. § 1983. The remaining Defendant Ivan Taylor, filed this motion for summary judgment to dismiss due to Plaintiffs' failure to exhaust his grievance remedies (ECF No. 30)[1]. Plaintiff has not filed a response.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail

---

[1] On June 2, 2016, the Court dismissed Defendants Horton, Payment, Tribley, Millette, and Swift without prejudice due to Plaintiff's failure to exhaust his grievance remedies against them. Defendant Taylor moves for summary judgment for the same reasons.

as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE,

ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The

3

Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly.  Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ R (emphasis in original).[2]  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due.  *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances.  *Id.* at ¶ GG.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III.  *Id.* at ¶ FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ FF.  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ GG.  Time limitations shall be adhered to by the inmate and  staff at all steps of the

---

[2]In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved.  The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion."  *Id*. at 3.  The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

4

grievance process.  *Id.* at ¶ X.   "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ."  *Id* at ¶ HH.

In my May 12, 2016, Report and Recommendation I stated:

Plaintiff alleges in his complaint that he was transferred from the Chippewa Correctional Facility to the Oaks Correctional Facility in October, 2013.  Prior to his transfer, Defendants Payment and Taylor confiscated his legal work. Plaintiff alleges that while confined at the Chippewa Correctional Facility, Defendants Swift and Horton harassed and punished Plaintiff by increasing his security classification from Level II to Level IV.   Defendants allegedly conspired against Plaintiff by conducting frequent shakedowns of Plaintiff's cell.  Plaintiff alleges that Defendants did not like inmates that did legal work, and especially disliked those inmates who possessed large amounts of legal materials.   As a result, Plaintiff alleges his legal work was ultimately confiscated by Defendants and never returned.  Plaintiff asserts that he was unable to file a post-conviction appeal under MCR 6.500.  Plaintiff submitted a Step I grievance URF 1210362207F.

Further, Plaintiff asserts that he was denied medical care by Defendants Millette and Dr. Brostoski when they refused to provide Plaintiff with hearing aids.  Plaintiff claims that he exhausted his grievances on this issue by submitting grievance ID 1304 1185 3z. Additionally, Plaintiff asserts that Defendant Tribley refused to provide Plaintiff with Kosher meals.  Plaintiff claims that the MDOC refused to provide him with Step III grievance responses despite his requests.

Defendants argue that Plaintiff failed to exhaust each of his claims through Step III of the grievance process.   Defendants assert that Plaintiff only exhausted one grievance through Step III, and that grievance concerned conduct that predated the time period that covers the allegations in Plaintiff's complaint.   Plaintiff's exhausted grievance was received at Step I on July 29, 2009, and received at Step III on October 16, 2009.  PageID.67  Plaintiff alleges that the facts of this complaint occurred in 2013.  Moreover, Plaintiff has not asserted that his one exhausted grievance involved the subject matter of this complaint.

Defendants have attached Plaintiff's URF 204 1185 03Z Step I and Step II grievance submissions. PageID. 68 and PageID.70 At Step I, Plaintiff requested a transfer to a hearing impaired facility. Plaintiff asserted that he could not hear the announcements and felt isolated. Plaintiff claimed an ADA violation because he was forced to remain in a non-hearing impaired facility. At Step II, Plaintiff asserted that he was not provided with medical care due to his hearing loss. The grievance was denied at Step I and Step II. PageID.72. It appears that Plaintiff never exhausted that grievance to Step III.

Defendants argue that grievance URF 1210362207F, which Plaintiff claims involved the confiscation of his property, could not be found.[fn] Further, there exists no evidence that Plaintiff exhausted this grievance to Step III. In the opinion of the undersigned, Plaintiff failed to properly exhaust his grievance remedies against the Defendants.

_____

[fn 3] Defendants explain that the grievance would not have been retained because of expiration of the retention schedule. Only grievances that are filed through Step III are maintained at the MDOC Central Office database. Further, that grievance number identifies that it was submitted in 2012, which pre-dates the alleged confiscation of legal materials that is the subject of this complaint.

PageID.111-113.

For the same reasons that the Court has already found that Plaintiff did not exhaust his grievance remedies, it is recommended that Defendant Taylor be dismissed from this case without prejudice.

Accordingly, I recommend that Defendant Taylor's motion for summary judgment (ECF No. 30) be granted dismissing Defendant Taylor without prejudice and dismissing this case.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the

undersigned discerns no good-faith basis for an appeal.  Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.


Dated: ___August 1, 2016_____                    _____*/s/ Timothy P. Greeley*_____

                                                                TIMOTHY P. GREELEY

                                                                UNITED STATES MAGISTRATE JUDGE



## NOTICE TO PARTIES


Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).